# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| **MICHKA K. DALING,** : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. |
| **LOUDOUN MEDICAL GROUP, PC,** : | |
| d/b/a Loudoun Internal Medicine Associates : | |
| : | |
| **Defendant.** : | |

Serve: Loudoun Medical Group, PC
      c/o Bryan S. Turner (Registered Agent)
      20 W Market Street
      Leesburg, Virginia 20176

## **COMPLAINT**

COMES NOW the Plaintiff, Michka K. Daling ("Ms. Daling" or "Plaintiff"), by counsel, and moves this Court for entry of judgment in her favor and against the Defendant, Loudoun Medical Group, PC ("Loudoun Medical Group" or "Defendant"), and in support of this Complaint alleges as follows:

### Nature of Action

1. This is an action at law arising out of discrimination based on hostile work environment sexual harassment and retaliation in the course of employment of Plaintiff Ms. Daling by Loudoun Medical Group. Loudoun Medical Group also failed to pay Ms. Daling the minimum wage and overtime premium to which she is entitled under the Fair Labor Standards Act.

2. This action states federal claims against Loudoun Medical Group for discrimination based on hostile work environment sexual harassment and retaliation, all under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*,

and for violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

## Parties

3.  Plaintiff Daling is a female and a resident and citizen of Centreville, Virginia.

4.  Ms. Daling was an employee of Loudoun Medical Group within the meaning of 42 U.S.C. § 2000e(f) from on or about June 1, 2015, until July 2, 2021. Ms. Daling worked for Defendant as a Medical Assistant.

5.  Loudoun Medical Group is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia and its principal office located at 224-D Cornwall Street NW, Suite 403, Leesburg, Virginia 20176.

6.  The Office Manager of Loudoun Medical Group was Merrill Gale.

7.  Loudoun Medical Group is an employer within the meaning of 42 U.S.C. § 2000e(b).

8.  Loudoun Medical Group is an employer as defined by 29 U.S.C. §203(d).

9.  Loudoun Medical Group is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of the twenty-one or more calendar weeks in the current or preceding year, and during all times alleged herein, within the meaning of 42 U.S.C.§ 2000e(b).

10.  Loudoun Medical Group had more than 500 employees in each of 20 or more calendar weeks since January 1, 2015, within the meaning of 42 U.S.C.§ 1981a(b)3(D).

11.  Loudoun Medical Group is an employer whose annual sales total $500,000 or more.

12. Loudoun Medical Group is engaged in interstate commerce.

## Jurisdiction and Venue

13. This Court has jurisdiction over Ms. Daling's claims under Title VII pursuant to 42 U.S.C. § 2000e-5(f)(3), and under and under the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

14. Loudoun Medical Group is presently, and regularly, conducts affairs and business activities throughout eastern Virginia and did so at all times alleged herein.

15. The causes of action arose from the Defendant's acts and omissions in Virginia.

16. Unlawful employment practices committed by the Defendant occurred in this judicial district. The Defendant does business in this judicial district and the Plaintiff lives in this judicial district.

17. Venue over the claims of Ms. Daling under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## Facts

18. Paragraphs 1 through 17 are incorporated herein as if set forth in their entireties.

19. During her employment with Defendant, Plaintiff worked as a Medical Assistant at an hourly rate-of-pay of $23.00. Plaintiff's duties consisted of medical billing.

20. During her employment, Defendant consistently gave Plaintiff good performance evaluations and never disciplined Plaintiff until issuing her a retaliatory and pretextual write-up on or about June 23, 2021. On or about June 21, 2021, Plaintiff complained to Defendant's Office Manager Merrill Gale that her co-worker Qais Alkanini ("Mr. Alkanini") was sexually harassing her. Two days later, in retaliation for this protected activity, on June 23, 2021, Merrill Gale gave Plaintiff a write-up which falsely asserts that Plaintiff was performing her work inadequately. Approximately ten (10) days after issuing this false write-up, Defendant terminated Plaintiff's employment in retaliation for her complaints of sexual harassment.

21. Prior to November 10, 2020, Plaintiff worked ten (10) hours a day, five (5) days a week. Plaintiff was not paid more than five (5) hours of overtime per week but was working twelve (12) hours of overtime per week.

22. Beginning in 2015 Defendant knowingly, willfully, and with knowledge that such uncompensated work violated the FLSA, required Plaintiff to do uncompensated "off-the-clock" work amounting to five hours per week.

23. Beginning on or about March 17, 2021, Plaintiff was subjected to harassment by another medical assistant employed by Defendant, Mr. Alkanini. It began by Mr. Alkanini telling Plaintiff that he loved her, and later escalated to Mr. Alkanini deliberately parking his car next to Plaintiff's in the parking lot so that she was, in essence, a captive audience whilst he continued to profess his love and touched her repeatedly. Plaintiff told Mr. Alkanini on multiple occasions that his behavior was unwanted and asked him to stop.

24. Despite Plaintiff telling Mr. Alkanini to stop touching her and professing his love to her, his behavior continued, ultimately culminating in Mr. Alkanini touching Plaintiff's breasts. Plaintiff reported the behavior on or about June 21, 2021, and again on or about June 23, 2021, to her Office Manager, Merrill Gale ("Ms. Gale"). After reporting Mr. Alkanini's behavior, Plaintiff's colleagues began to harass her about her report, as Mr. Alkanini was well-liked in their office. Plaintiff does not know who told her colleagues about the report.

25. Immediately after her report of Mr. Alkanini on June 23, 2021, Ms. Gale gave Plaintiff a write-up, stating that she was not performing adequately. After this write-up, Plaintiff complained to Ms. Gale, stating that she felt that Defendant's response to Mr. Alkanini's sexual harassment of her was retaliatory.

26. On or about June 24, 2021, directly following her write-up, Plaintiff complained of the sexual harassment directly to Defendant's Human Resources Department. On or about June 29, 2021, Defendant's Human Resources Department told Plaintiff that there was no evidence to support her allegations of sexual harassment and sexual assault by Mr. Alkanini.

27. Thereafter, Plaintiff requested that she be permitted to transfer to another location to avoid Mr. Alkanini. This request was denied, and her employment was ultimately terminated on or about July 2, 2021.

28. On November 19, 2021, Ms. Daling timely filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination against her by Loudoun Medical Group based on sexual harassment and retaliation. Exhibit 1.

29. More than 180 days have elapsed since the filing of Plaintiff's Charge of Discrimination. The EEOC has issued a Right to Sue Letter. Exhibit 2.

## COUNT I HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

21. Ms. Daling restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

22. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... ; or (2) to limit, segregate, or classify his employees...in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex".

23. Ms. Daling is a member of a protected group, that is, women.

24. The Defendant, Loudoun Medical Group, by and through its employee Qais Alkanini, violated Ms. Daling's rights under Title VII (42 U.S.C. § 2000e, *et seq.*) by engaging in actions and/or activities constituting hostile work environment sexual harassment against Ms. Daling, as alleged above.

25. These violations by Defendant, Loudoun Medical Group, were based upon Ms. Daling's sex, and affected the terms, conditions, and/or privileges of Ms. Daling's employment.

26. As a direct and proximate result of the unlawful conduct of Defendant, Loudoun Medical Group, Ms. Daling has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

27. In addition, Ms. Daling has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT II RETALIATION

28. Ms. Daling restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

29. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

30. Defendant, Loudoun Medical Group, by and through its employees, agents, and officers, including supervisory employees, intentionally, willfully, and wantonly retaliated

against Ms. Daling because of Ms. Daling's complaints of the unlawful hostile work environment sexual harassment in that, after complaining of sexual harassment in violation of Title VII, Ms. Daling was subjected to unfair and arbitrary treatment, harassment, and interference with the terms, conditions and/or privileges of her employment subsequent to Ms. Daling formally complaining of the discriminatory and unlawful treatment of her by Loudoun Medical Group, all as alleged above.

31.     The actions and/or activities of Defendant, Loudoun Medical Group, constitute retaliation for Ms. Daling's complaints of hostile work environment sexual harassment, and are in violation of Title VII of the 1964 Civil Rights Act.

32.     As a direct and proximate result of the unlawful retaliation by Defendant, Loudoun Medical Group, Ms. Daling has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

33.     In addition, Ms. Daling has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT III

### Violation of the Federal Fair Labor Standards Act (FLSA) -Overtime

34.     The foregoing paragraphs are included herein as though fully set forth herein.

35.     Defendant regularly engages in commerce and their employees handle and use goods, which have moved in interstate commerce.

36. At all relevant times, Defendant was and is an employer within the meaning of the FLSA and is subject to the provisions of the FLSA.

37. Plaintiff at all relevant times was an employee of Defendant, as defined by the FLSA.

38. During the period that Plaintiff was employed by Defendant she performed regular, scheduled overtime work for which no additional compensation was paid to her by Defendant in violation of the provisions of the FLSA. More specifically, Defendant violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including Plaintiff, who earned overtime pay.

39. Upon information and belief, the Defendant's pay system was unilaterally imposed upon the Plaintiff.

40. The Defendant's failure to properly administer a scheme of compensation, including but not limited to overtime compensation, violates the overtime provisions of the FLSA and the regulations thereunder.

41. As a result of the Defendant's willful and knowing failure to properly compensate the Plaintiffs, she has suffered substantial delays in receipt of wages owed and damages. Defendant conduct as alleged herein was willful in that it was aware that its failure to pay Plaintiff overtime violated the FLSA.

42. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

43. Pursuant to 29 U.S.C. §§ 207 and 216, Defendant owes Plaintiff compensation for her overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

## COUNT IV

**Violation of the Federal Fair Labor Standards Act (FLSA) -Unpaid Minimum Wages**

14. The foregoing paragraphs are included herein as though fully set forth herein.

15. Defendant failed and refused to make any payment to Plaintiffs for her "off-the-clock" work as described herein.

16. Pursuant to 29 U.S.C. §§ 207 and 216, Defendant owes Plaintiff compensation for her work for which she received no compensation, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## Prayer for Relief

WHEREFORE, Plaintiff, Michka K. Daling, prays that this Court enter judgment in her favor and against the Defendant on the above counts, and further:

A. Award on Counts One and Two judgment in favor of Ms. Daling, and against the defendant, Loudoun Medical Group, for all relief available under Title VII of the Civil Rights Act of 1964, as amended, including but not limited to back pay, plus compensatory general damages, and front pay in the amount of Three Hundred Thousand and No/100 Dollars ($300,000), and her attorney fees and costs in this action, including expert fees, pursuant to 42 U.S.C. § 2000e-5(k) together with interest from July 2, 2021; and

B.      On her Fair Labor Standards Act Count (Counts III and IV), plaintiff prays for an award of unpaid minimum wage, unpaid overtime, liquidated damages, and attorney's fees in an amount to be determined at trial.

## JURY DEMAND

Trial by jury is demanded.

Respectfully submitted,

MICHKA K. DALING,

By Counsel

_____/s/_____
Thomas F. Hennessy (VSB No. 32850)
THE HENNESSY LAW FIRM, PLLC
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net
Counsel for Plaintiff Michka K. Daling