IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHKA K. DALING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-1147 (RDA/JFA) |
| v. ) | |
| ) | |
| LOUDOUN MEDICAL GROUP, P.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the parties' Joint Motion for Settlement Approval. Dkt. 11. Since Plaintiff brought a Fair Labor Standards Act ("FLSA") claim in her Complaint, Dkt. 1, the parties' settlement must be approved by this Court. *Baust v. City of Va. Beach*, 475 F. Supp. 358, 363 (E.D. Va. 2021). The object of court approval is to ensure that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Minsterman v. S.L. Nusbaum Realty Co.*, No. 2:10-cv-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011). Here, having reviewed the Complaint and the Answer, the Court FINDS that the settlement agreement covers a bona fide dispute between the parties. Dkt Nos. 1; 5.

Courts consider six factors in deciding whether an FLSA claim is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery." *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up). There is "an

overriding public interest in favor of settlement" which means that this Court is to apply "a strong presumption in favor of finding a settlement fair." *Baust*, 475 F. Supp. 3d at 363.

Each factor weighs in favor of finding this settlement fair. Discovery is not yet complete, and the settlement would save the parties the costs of litigating the rest of discovery, dispositive motions, and a two-day trial. Dkt. 12 at 4-5. Each of those costs would be substantial. There is no indication that "fraud or collusion" was involved in the negotiation of this settlement agreement. *See generally id.* (describing settlement discussions). Plaintiff's counsel has also represented that he has settled or tried "numerous employment cases," and he appears to be competent counsel. While the probability of Plaintiff's success on the merits is somewhat unclear, the Court notes that Defendant did not move to dismiss the Complaint, but instead answered immediately. Finally, the Court is of the opinion that a $15,000 payment to Plaintiff to settle her claims is reasonable given the claim that she was working up to 12 hours of uncompensated overtime per week for 5 years, in addition to other non-FLSA claims. Dkt. 12-1; Dkt. 1 ¶ 12. Accordingly, and in line with the "strong presumption in favor" of finding an FLSA settlement fair, the Court FINDS the settlement is fair and reasonable. *Baust*, 475 F. Supp. 3d at 363.

The Court must also approve the attorney's fees that are to be paid. *Id.* at 367. The Court first calculates a lodestar figure by "multiplying a reasonable hourly rate by the number of hours reasonably expended" by Plaintiff's counsel. *Id.* at 367. The Court then considers whether the amount of attorney's fees is reasonable given Plaintiff's "degree of success." *Id.* at 369.

The lodestar calculation here is straightforward. Plaintiff's counsel submits that he billed his client for 31.7 hours of work and has provided support for those hours. Dkt. 11-2 at 3-4. Given the work that Plaintiff's counsel had to undertake to draft the Complaint, engage in discovery, and negotiate the settlement agreement, the Court finds that 31.7 hours is an accurate assessment of

the work Plaintiff's counsel conducted. The Court also finds that the requested rate of $400 is "consistent with the prevailing market rates in the relevant community for the type of work" that Plaintiff's counsel conducted. *McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013). Various cases from this district indicate that today, a $400 rate is reasonable for Plaintiff's counsel. *See, e.g., Kennedy v. A Tough of Patience Shared Housing, Inc.*, 779 F. Supp. 2d 516, 526-27 (E.D. Va. 2011) (in FLSA case, approving $350 rate for attorney in 2011); *Jackson v. Estelle*, No. 8-cv-984, 2009 WL 1321506, at *2 (E.D. Va. May 8, 2009) (same in 2009). When including costs of $475.00, the total lodestar amount is $13,155. Plaintiff's counsel only requests $10,000.

It is reasonable for Plaintiff's counsel to receive $10,000 when considering the "degree of success" that Plaintiff has achieved here. *Baust*, 574 F. Supp. 3d at 369. Plaintiff's counsel is receiving 40% of the total payment that Defendant must tender, which is justified given that Plaintiff originally filed a lawsuit containing multiple claims stretching across multiple years, but that she also had the possibility of receiving $0. Accordingly, the Court finds that $10,000 is reasonable compensation for Plaintiff's counsel in this matter.

It is hereby ORDERED that the parties' Motion for Approval of Settlement and Attorney's Fees (Dkt. 11) is GRANTED; and it is

FURTHER ORDERED that the parties' Settlement Agreement (Dkt. 12-1) is APPROVED; and it is

FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this action is DISMISSED WITH PREJUDICE.

The Clerk is directed to close this civil action

IT IS SO ORDERED.

Alexandria, Virginia
April 5, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge